United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL E. ROBERTS, #1887766, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-0903 |
| | § | |
| CITY OF HOUSTON, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the Rule 12(b)(6) motions to dismiss filed by defendants City of Houston and Charles McClelland (Docket Entry No. 70) and by defendants Chandra McClain-Ferdinand, Kenneth Feddersen, Nnaka Chidi, M.D., Sergeant R. Espinoza, Sergeant B.L. Chebret, Sergeant Gonzales, Sergeant Rubio, and A. Beaudion (Docket Entry No. 82), and the *pro se* responses filed in opposition by plaintiff (Docket Entries No. 79, 85). The defendants' motions to dismiss are **DENIED** for the reasons set forth below.

In their motions to dismiss, the defendants argue that plaintiff's amended complaint (Docket Entry No. 60) should be recognized as plaintiff's live pleading. In support, defendants correctly note that an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the original pleading. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). The Court notes that plaintiff's amended complaint sets forth only bare bones claims

against the defendants, without supporting factual allegations or background information. If, indeed, plaintiff's amended complaint were his live pleading, defendants might arguably be entitled to dismissal of this lawsuit under Rule 12(b)(6), in absence of other considerations.

However, a closer look at plaintiff's motion to amend (Docket Entry No. 56) shows that he intended to file his amended complaint for the sole purpose of disclosing the names of defendants previously referenced only as "HPD Officer No. 1 and No. 2, and Doctor on duty at 61 Resiner [sic] Houston Tx. 77002[,] to be named during discovery – 1200 Travis, Houston Tx. 77002." (Docket Entry No. 1, p. 1.) In his motion to amend, plaintiff stated as follows:

> Discovery has revealed the names of the specific persons(s) in which the plaintiff accuses of violating his constitutional rights, and plaintiff wishes to amend his complaint *only to the extent* that he names the specific person and what he (the plaintiff) accuses that person of[.]
>
> Other than that mentioned in the above, *the facts in plaintiff's original complaint prevail.*

(Docket Entry No. 56, p. 3, emphases added.) True to his expressed intent, plaintiff's subsequent complaint identified the previously unnamed defendants and set forth a brief statement of his claims against them. (Docket Entry No. 60.) No additional or modified factual allegations were pleaded.

Moreover, plaintiff makes clear in his responses to the pending motions to dismiss that his amended complaint was intended to be a *supplemental* complaint to identify the unnamed

2

defendants and the nature of his claims against them. Plaintiff argues that the motions should be denied because the defendants have relied solely on the subsequent complaint while ignoring the unchanged factual allegations set out in his original complaint.

This Court's obligation to provide a *pro se* state inmate litigant's pleadings a fair and liberal construction is clear and incontrovertible. A document filed *pro se* is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation marks omitted). *See also* Rule 8(f) of the Federal Rules of Civil Procedure ("All pleadings shall be so construed as to do substantial justice.").

It would stand as a substantial injustice, and deny plaintiff his right to a liberal construction of his *pro se* pleadings, if this Court were to construe plaintiff's subsequent complaint as anything other than a supplemental complaint. Plaintiff put the Court and parties on notice that his proposed "amended" complaint was for the limited purpose of identifying the previously unnamed defendants, and that the factual allegations in his original complaint would remain unchanged. That plaintiff did not label his subsequent complaint as a "supplemental" versus "amended" complaint is a technicality rebutted by his clearly stated intentions. In fact, plaintiff attached neither of those appellations to his actual pleading.

The Court further notes that, in basing their motions to dismiss strictly on plaintiff's subsequent complaint, defendants fail to address the numerous factual allegations set forth by plaintiff in his court-ordered more definite statement (Docket Entry No. 14).

The Court construes plaintiff's subsequent complaint (Docket Entry No. 60) as a supplemental complaint that augmented, but did not supercede, his original complaint. Accordingly, defendants' motions for dismissal (Docket Entries No. 70, 82) , which expressly rely on the lack of factual allegations appearing in plaintiff's "amended" complaint, are **DENIED**.

Defendants are **ORDERED** to file any further dispositive motions within sixty days from date of this order. Plaintiff is **ORDERED** to respond to any further dispositive motions filed by the defendants within thirty days after the date of service reflected on defendants' certificates of service.

Signed at Houston, Texas, on this the 30th day of March, 2016.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE