**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL E. ROBERTS** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14-cv-0903** |
| | § | |
| **CITY OF HOUSTON, et al.,** | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY,**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendants City of Houston, Police Chief Charles McClelland, Officer C. McClain-Ferdinand, Officer K. Feddersen, Dr. Chidi Nnaka, Sergeant R. Espinoza, Sergeant B. L. Chebret, Sergeant R. Gonzales, Sergeant J. Rubio, and Officer A. Beaudion  (collectively, the "Defendants") file this Motion to Dismiss, or Alternatively, Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56, and would show the Court as follows:

# TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS .................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................ iv

EXHIBITS LIST .............................................................................................................. viii

I.   NATURE AND STATE OF PROCEEDINGS ......................................................... 1

II.  STATEMENT OF ISSUES ..................................................................................... 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ....................................... 2

IV. CLAIMS AGAINST DEFENDANTS .................................................................... 3

V.  STANDARDS OF REVIEW .................................................................................. 4

   A.  Rule 12(b)(6) Standard ................................................................................. 4

   B.  Rule 56 Standard .......................................................................................... 4

   C.  Qualified Immunity Standard ....................................................................... 5

VI. LEGAL ARGUMENTS ......................................................................................... 6

   A.  Plaintiff's Claims Against Defendants In Their Official Capacity Fail. ............................. 6

   B.  Plaintiff's Claims Against Officer Defendants In Their Individual Capacity Fail. ............ 7

      1. Plaintiff's official oppression claim should be dismissed. .......................................... 7

      2. Plaintiff's excessive force claim should be dismissed. ............................................... 7

      3. Plaintiff's deliberate indifference claim should be dismissed. .................................... 8

      4. Plaintiff's medical malpractice claim should be dismissed. ........................................ 9

      5. Plaintiff's unreasonable search and seizure claim should be dismissed. ..................... 10

      6. Plaintiff's Fifth, Eighth and Fourteenth Amendment Claims should be dismissed. ..... 10

   C.  Officer Defendants Are Entitled To Qualified Immunity. ................................................. 11

   D.  Plaintiff's Claim Against the City Fails. ......................................................................... 11

E.  Plaintiff's Claim Against The Chief In His Individual Capacity Fails. ........................... 12

F.  Plaintiff's Claim Under The Americans With Disability Act (ADA) Fails...................... 13

G.  Plaintiff's Due Process Claim Fails. ................................................................ 15

VII. CONCLUSION ................................................................................................ 166

CERTIFICATE OF SERVICE ................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**

*Alvarez v. England*, 78 Fed. Appx.  313 (5th Cir. 2003) ............................................................. 11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................. 5

*Baker v. Puntal,* 75 F.3d 190 (5th Cir. 1996) ................................................................................ 6

*Bell Alt. Corp. v. Twombly,* 550 U.S. 544 (2007) .......................................................................... 4

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)........................................................ 15

*Brown v. Bryan Cnty., OK,* 219 F.3d 450 (5th Cir. 2000) ........................................................... 11

*Brown v. City of Houston,* 337 F.3d 539 (5th Cir. 2003)............................................................... 4

*Burch v. Coca-Cola Co*., 119 F.3d 305 (5th Cir. 1997).............................................................. 14

*Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408 (5th Cir. 2007) ................... 4

*Callis v. Sellars*, 953 F. Supp. 793 (S.D. Tex. 1996)..................................................................... 7

*Celotex v. Catrett*, 477 U.S. 317 (1986) ........................................................................................ 4

*Coker v. Dallas County Jail*, WL 1953038 (N.D. Tex. Feb. 25, 2009)....................................... 14

*Coleman v. Sweetin*, 745 F.3d 756 (5th Cir. 2014)........................................................................ 9

*DePree v. Saunders*, 588 F.3d 282 (5th Cir. 2009)........................................................................ 5

*Doe v. Rains County Indep. Sch. Dist.,* 66 F.3d 1402 (5th Cir. 1995) .......................................... 5

*Doe v. Taylor Independent School District*, 15 F.3d 443 (5th Cir. 1994) (en banc) ................... 13

*Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752 (5th Cir. 2001) .......................................... 8

*Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006) ............................................................................ 8

*Estelle v. Gamble*, 429 U.S. 97 (1976) ........................................................................................ 10

*Fontenot v. Cormier*, 56 F.3d 669 (5th Cir. 1995)....................................................................... 11

*Foulston Siefkin LLP v. Wells Fargo Bank of Texas, N.A.*, 465 F.3d 211 (5th Cir. 2006)............. 4

iv

*Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006).......................................................................... 8

*Graham v. Conner*, 490 U.S. 386 (1989)...................................................................................... 11

*Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1987) ......................................................... 12

*Hafer v. Melo,* 502 U.S. 21 (1991) ................................................................................................ 6

*Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000)....................................................................... 14

*Haralson v. Campuzano*, 356 F. App'x 692 (5th Cir. 2009) ........................................................ 14

*Hare v. City of Corinth, Miss.,* 74 F.3d 633 (5th Cir. 1996).......................................................... 9

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ................................................................................... 5

*Hulett v. City of Dallas,* 2000 WL 1010674 (N.D. Tex. 2000) ...................................................... 7

*Jackson v. Culbertson,* 984 F.2d 699  (5th Cir.1993)................................................................... 7

*James v. Texas Collin County*, 535 F.3d 365 (5th Cir. 2008)...................................................... 13

*Johnson v. Hurtt,* 893 F.Supp.2d 817 (S.D. Tex. 2012) ................................................................ 6

*Jones v. City of Jackson*, 203 F.3d 875 (5th Cir. 2000).............................................................. 10

*Kentucky v. Graham,* 473 U.S. 159 (1985).................................................................................... 6

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*
    507 U.S. 163 (1993) ................................................................................................................ 4

*Lightbourn v. County of El Paso*, 118 F.3d 421 (5th Cir. 1997) ................................................. 14

*Mace v. City of Palestine,* 333 F.3d 621 (5th Cir. 2003) ......................................................... 5, 6

*Mathews v. Eldridge*, 424 U.S. 319 (1976).................................................................................. 15

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ................................................... 11

*Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521 (5th Cir .1996).................... 12

*Missouri v. McNeely*, 133 S. Ct. 1552  (2013)............................................................................. 10

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137  (5th Cir. 2007) ....................... 4

*Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997)....................................................................... 9

*Oliver v. Scott,* 276 F.3d 736 (5th Cir. 2002) ................................................................ 6

*Pearson v. Callahan,* 555 U.S. 223 (2009) ..................................................................... 5

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) .............................................................. 11

*Reyes v. Sazan,* 168 F.3d 158 (5th Cir. 1999) ................................................................ 6

*Rogers v. Int'l Marine Terminals, Inc*., 87 F.3d 755 (5th Cir. 1996) .......................... 14

*Sacramento v. Lewis*, 523 U.S. 833 (1998) .................................................................. 11

*Saucier v. Katz*, 533 U.S. 194 (2001) ......................................................................... 11

*Schmerber v. California*, 384 U.S. 757 (1966) ............................................................ 10

*Scott v. Harris*, 550 U.S. 372 (2007) .................................................................. 5, 7, 8

*Shultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995) ............................................................. 6

*Siglar v. Hightower,* 112 F.3d 191 (5th Cir.1997) ......................................................... 8

*Tarver v. City of Edna,* 410 F.3d 745 (5th Cir. 2005) .................................................... 7

*Thompson v. Upshur Cnty.*, 245 F.3d 447 (5th Cir. 2001) .......................................... 12

*Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991) ...................................................... 9

*Wilkins v. Gaddy*, 559 U.S. 34 (2010) .......................................................................... 8

*Wright v. Texas Dept. of Crim. Justice*, 2013 WL 6578994 (N.D. Tex. Dec. 16, 2013) .............. 14

**Other Authorities**

28 C.F.R. § 35.175 ....................................................................................................... 15

42 U.S.C. §1983 ..................................................................................................... passim

42 U.S.C. § 12131 ....................................................................................................... 15

42 U.S.C. § 12132 ....................................................................................................... 13

42 U.S.C. § 12133 ....................................................................................................... 15

Fed. R. Civ. P. 12(b)(6) and 56 ................................................................................. i, 4

Fed. R. Civ. P. 56(c) ................................................................................................................. 4

Tex. Penal Code § 39 03 ............................................................................................................ 7

**EXHIBITS LIST**

**Exhibit 1** – Affidavit of Officer C. McClain-Ferdinand ("McClain-Ferdinand Aff.")

**Exhibit 2** – Affidavit of Charles Chidi Nnaka ("Nnaka Aff.")

**Exhibit 3** – Cited Portions of Plaintiff's Deposition Transcript ("Pl.'s Dep.")

# I.    NATURE AND STATE OF PROCEEDINGS

Plaintiff initiated this lawsuit on or about April 7, 2014 alleging violations of his federal constitutional rights.  Plaintiff filed a Motion Requesting Leave to Amend Complaint on March 19, 2015.  The Court granted Plaintiff's Motion on March 24, 2015, and ordered that his Amended Complaint be docketed on the same day.  In response, Defendants filed motions to dismiss based on the allegations of Plaintiff's "Amended Complaint" recognizing it to be the live pleading.  On March 30, 2016, the Court denied Defendants' motions to dismiss finding that Plaintiff's "Amended Complaint" was intended to be a supplement to the factual allegations contained in his More Definite Statement.  The Court ordered Defendants to file dispositive motions responding to Plaintiff's factual allegations contained in Plaintiff's More Definite Statement [Doc. No. 14] and subsequent complaint [Doc. No. 60].  Accordingly, Defendants move to dismiss, or alternatively, for summary judgment.

# II.    STATEMENT OF ISSUES

1.    Whether Plaintiff's version of the facts is so blatantly contradicted by the video, audio and medical records, and based on the video, audio and medical records, there can be no other finding that Defendants did not violate Plaintiff's constitutional rights.

2.    Whether Defendants are entitled to immunity even if Plaintiff's constitutional rights were violated.

3.    Whether the City is liable for the alleged constitutional violations because its customs, practices, policies or procedures were adopted with deliberate indifference and were the moving force behind alleged constitutional violations.

4.    Whether the Chief of Police violated Plaintiff's constitutional rights.

### III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

The undisputed material facts, adequately supported by the video, aduio and documentary

evidence, are as follows:

1.    On the night of July 16, 2013, Plaintiff was involved in a motor vehicle accident. *See* Pl.'s Dep., Ex. 1; *See* McClain-Ferdinand Aff., Ex. A (Statements) and Ex. B (Dispatch Recording).

2.    Officer Ferdinand witnessed the accident.  *See* McClain-Ferdinand Aff., Ex. A and Ex. B.

3.    Officer Ferdinand called HPD dispatch.  *Id.*, Ex. B.  She apprised the operator of the situation and a patrol unit was dispatched to assist Officer Ferdinand.  *Id.*

4.    Officer Ferdinand called for an ambulance.  *Id.*, Exs. A and B. An ambulance arrived at the scene, and Plaintiff declined treatment from EMS.  *See* Pl.'s Dep., Ex. 2 (EMS Patient Care Report).

5.    Officer Beaudion performed a field sobriety test on Plaintiff.  *Id.*, Ex. 3 (Video). The test was recorded.  *Id.*  In addition to revealing Plaintiff was inebriated, the undisputed video reveals he did not have any visible injuries, and he made no complaints of any injuries.  *Id.*

6.    The undisputed video shows that Plaintiff was able to stand and walk without any gait problems.  *Id.*

7.    After refusing to take an alcohol breathalyzer test, and pursuant to a search warrant, Plaintiff was taken to the hospital where he was given a blood alcohol test.  *See* Pl.'s Dep., Exs. 3 and 4 (Search Warrant).

8.    Plaintiff was subsequently charged with and convicted of Driving Under the Influence, Third Offense.  *See* Pl.'s Dep., p. 12:11-20.

9.    The undisputed medical records show that he only complained about general body pain and heart problems.  *See* Pl.'s Dep., Exs. 2, 5 (Dr. Nnaka's Records) and 6 (Intake Screening Record); *see also* Nnaka Aff.  When expressly asked if he had any injuries, Plaintiff responded "No."  *See* Pl.'s Dep., Ex. 5.  Plaintiff was monitored for two days following the incident and, at no time, was there any indication that he suffered a broken back.  *Id.*

## IV.    CLAIMS AGAINST DEFENDANTS

Plaintiff sues each named Defendant in their official and individual capacity.  The chart below illustrates the specific allegations Plaintiff claims against each named Defendant as gleaned from Plaintiff's More Definite Statement [Doc. No. 14] and Plaintiff's supplemental pleading [Doc. No. 60].

| Named Defendant | Allegations |
| --- | --- |
| Chief McClelland | Failure to train; Failure to render medical aid; Violations of Americans with Disabilities Act; Violations of due process rights associated with Internal Affairs investigation |
| Officer Ferdinand | Official Oppression; Violations of Articles 4, 5, 8, and 14 |
| Senior Officer Fedderson | Official Oppression; Choked Plaintiff—placed his hands around Plaintiff's throat cutting off Plaintiff's airway; "Malicious and sadistic behavior during the blood draw [sic]"; Jumped on Plaintiff's back; dragged Plaintiff; Refused medical treatment |
| Dr. Nnaka | Deliberate indifference to serious medical need—failure to respond; Medical malpractice |
| Sergeant Espinoza | Deliberate indifference—failure to provide a reasonable response.   "Rather than have Plaintiff transferred to a jail compatible for the disabled, allowed Plaintiff to craw [sic] and struggle to get to his jail cell." |
| Sergeant Chebret | Violated 8th Amendment "in the manner by which [he] 'escorted'" Plaintiff to Officer Beaudion's patrol car and "again upon arrival at Central Jail inflicted great pain and suffering and aggravated injury to spine" |
| Sergeant Gonzales | Same violations as Sergeant Chebret |
| Sergeant Rubio | Deliberate indifference to Plaintiff's serious medical need and failure to give reasonable response to Plaintiff's IAD complaint |
| Officer Beaudion | Fourth Amendment violation against unreasonable search and seizure, specifically Plaintiff's blood.  Violated 8th Amendment in the execution of search warrant. |

## V.  STANDARDS OF REVIEW

**A.     Rule 12(b)(6) Standard**

In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed. 517 (1993).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Alt. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Thus, plaintiff must "'raise a right to relief above the speculative level.'"  *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 140 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

**B.     Rule 56 Standard**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).  To avoid summary judgment, a plaintiff must produce evidence of "specific facts showing the existence of a genuine issue for trial."  *Foulston Siefkin LLP v. Wells Fargo Bank of Texas, N.A.*, 465 F.3d 211, 214 (5th Cir. 2006).  A factual issue is "material" only if its resolution could affect the outcome of the action.  *See, e.g. Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation or only a scintilla of evidence will not carry this burden.  *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003). **Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion**.  *Scott v. Harris*, 550

4

U.S. 372, 380 (2007). As the Supreme Court has stated, "[the] mere existence of a scintilla of evidence . . .will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## C. Qualified Immunity Standard

The purpose of qualified immunity is to protect public servants from "undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald,* 457 U.S. 800, 806 (1982). Qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law." *DePree v. Saunders,* 588 F.3d 282, 287 (5th Cir. 2009). A plaintiff suing state officials under Section 1983 can establish a *prima facia* case by alleging: 1) a violation of a federal constitutional or statutory right; and 2) that the violation was committed by an individual acting under the color of state law. *Doe v. Rains County Indep. Sch. Dist.,* 66 F.3d 1402, 1406 (5th Cir. 1995). Qualified immunity protects government officials sued in their individual capacity from liability under Section 1983 if they perform "discretionary functions" and "'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 555 U.S. 223, 229 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

Courts undertake a two-step analysis to determine if a defendant is entitled to qualified immunity: (1) did the defendant violate a constitutional right; and (2) was the right clearly established such that it would be clear to a reasonable officer that his conduct was unlawful. *Pearson,* 555 U.S. at 236-37; *Mace v. City of Palestine,* 333 F.3d 621, 623-24 (5th Cir. 2003). To overcome the assertion of qualified immunity, the plaintiff bears the initial burden of showing that the officer's conduct violated a statutory or constitutional right, and the inquiry ends if the

allegations do not support a finding of constitutionally impermissible conduct. *Mace,* 333 F.3d at 623.

Here, the individual defendants raise the defense of qualified immunity, and Plaintiff must meet the heightened pleading requirement. "Plaintiffs suing governmental officials in their individual capacities . . .  must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002).  "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999).   As the Fifth Circuit explained in *Shultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995), a plaintiff must support his claim with "'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'"  *Baker v. Puntal,* 75 F.3d 190, 197 (5th Cir. 1996) (quoting *Shultea,* 47 F.3d at 1434).

## VI.    LEGAL ARGUMENTS

### A.    Plaintiff's Claims Against Defendants In Their Official Capacity Fail.

The United States Supreme Court has noted that official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Hafer v. Melo,* 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).  Here, as noted above, the City has been served and has filed a responsive pleading.  In such circumstances, dismissal of the redundant official capacity claims against the official is appropriate.  *Johnson v. Hurtt,* 893 F.Supp.2d 817, 828 (S.D. Tex. 2012) ("[W]ith respect to Plaintiff's official capacity claims against Chief McClelland, the Court finds that these claims should be dismissed as they are simply another way of pleading against the City, which is already a party to this action.").

6

**B.      Plaintiff's Claims Against Officer Defendants In Their Individual Capacity Fail.**

  **1.   Plaintiff's official oppression claim should be dismissed.**

  Under Texas law, "official oppression is a criminal offense rather than an intentional tort." *Callis v. Sellars*, 953 F. Supp. 793, 800 (S.D. Tex. 1996); *see also Hulett v. City of Dallas,* 2000 WL 1010674 (N.D. Tex. 2000).   Plaintiff has filed a civil suit against Defendants. Therefore, Plaintiff's official oppression claim fails against all Defendants because it is a criminal offense and not a cause of action that Plaintiff can allege against Defendants.   *See* Tex. Penal Code § 39 03.

  **2.   Plaintiff's excessive force claim should be dismissed.**

  To establish an excessive force claim during the course of an arrest under Section 1983, a Plaintiff must demonstrate that he suffered: (1) an injury, (2) which resulted directly and only for a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.   *Tarver v. City of Edna,* 410 F.3d 745 (5th Cir. 2005).   Dismissal of Plaintiff's excessive force claim is warranted because the medical records and video reveals, as a matter of law and undisputed fact, that he suffered no injury, much less a "broken back."   *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion.)

  Indeed, despite several opportunities to supplement the record with evidence of an injury, Plaintiff has not – cannot – submit any evidence, equal in force to the uncontradicted evidence already in the record, establishing he sustained a "broken back."   The Fifth Circuit has consistently held that civil rights plaintiffs must allege an *actual injury* caused by the defendant's actions, *See, e.g., Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir.1993) (excessive force claim

for spraying with a fire hose frivolous where plaintiff suffered no injury); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997) (sore, bruised ear which required no medical care and healed in a few days would not support civil rights claim for excessive force); *see Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (holding that a defendant's actions that cause "no discernible injury almost certainly fails to state a valid excessive force claim.")  Simply stated, Plaintiff's allegation that he suffered a "broken back" as a result of officers' use of excessive force is so "blatantly contradicted by the [video and medical records], so that no reasonable jury could believe it."  *See Scott, supra.*

As for any remaining factual questions not conclusively resolved by the video they are immaterial.  Even accepting that officers "jumped on his back," "choked" him and "dragged" him, **where no injuries are suffered**, Plaintiff's Section 1983 lawsuit for excessive force cannot stand.

### 3.  Plaintiff's deliberate indifference claim should be dismissed.

Plaintiff asserts a Fourteenth Amendment claim based on the deliberate indifference of Dr. Nnaka, Sgt. Espinoza and Sgt. Rubio to his medical needs.  To be actionable, Defendants' conduct must demonstrate subjective awareness of a substantial risk of serious harm and a failure to take reasonable measures to abate this risk.  *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  The deliberate indifference standard is not an obligation for government officials to comply with an "optimal standard of care."  *Easter v. Powell*, 467 F.3d 459, 463-64 (5th Cir. 2006).  Rather, it is an obligation not to disregard any substantial health risk about which government officials are *actually aware.  Id.*  Under *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006), "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that

care is required." Disagreements with diagnostic measures are insufficient to give rise to a claim of deliberate indifference to medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Here, Plaintiff does not present any significant evidence that Defendants were deliberately indifferent to a substantial health need. In light of the undisputed video and medical records that clearly show Plaintiff did not sustain a "broken back," or any serious injury, it was not "so apparent that even laymen would recognize" that Plaintiff was in need of serious medical attention. This is not a case where no treatment was rendered; Plaintiff received treatment. While Plaintiff disagrees with the treatment provided to him, such disagreements are insufficient to give rise to a claim of deliberate indifference. Moreover, even accepting Plaintiff can show that Defendants were somehow negligent in their response to his alleged medical needs by not providing what he perceived to be optimal care, such a showing does not implicate "constitutional standards" giving rise to a claim of deliberate indifference. *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014); *see also Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (noting that deliberate indifference cannot be inferred from negligence alone).

### 4. Plaintiff's medical malpractice claim should be dismissed.

Plaintiff's allegations indicate his disagreement with the medical treatment that he received from Dr. Nnaka or, at most, negligent or unsuccessful treatment. Such a claim is not actionable. Unsuccessful medical treatment, negligent medical treatment, or medical malpractice does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

9

**5. Plaintiff's unreasonable search and seizure claim should be dismissed.**

Plaintiff protests being taken to the hospital where his blood was drawn for the purpose of administering a blood alcohol test.  However, he cannot show an unreasonable search and seizure in violation of the Fourth Amendment.  The undisputed video evidence shows that Plaintiff failed the field sobriety test.  When asked to take an alcohol breathalyzer test, he refused.  The only remaining option was a blood alcohol test, which was administered pursuant to a search warrant.  The case law dooms Plaintiff's claim:  nonconsensual blood draws pursuant to a warrant have passed constitutional muster under the "unreasonable search and seizure" prong of the Fourth Amendment.  *See Missouri v. McNeely*, 133 S. Ct. 1552, 1559-60 (2013); *see also Schmerber v. California*, 384 U.S. 757, 767 (1966) (authorizing even a warrantless blood draw in "exigent circumstances").

**6. Plaintiff's Fifth, Eighth and Fourteenth Amendment Claims should be dismissed.**

Plaintiff simply alleges in his pleadings that Defendants violated his Fifth, Eighth and Fourteenth Amendment rights.  Dismissal is warranted as to these claims because Plaintiff has failed to satisfy the applicable pleading standard and the record is devoid of any evidence to support Plaintiff's claims.  The Fifth Amendment claim fails because it is well established that the Fifth Amendment only restricts federal government actions and it is undisputed that Defendants are not federal officials.  *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). As for Plaintiff's Eighth and Fourteenth Amendment claims, Plaintiff has failed to present any evidence in support of these claims.  The Eighth Amendment only applies to post conviction violations to which there are no allegations of any post-conviction conduct here. Plaintiff's excessive force claims are properly analyzed under the Fourth Amendment and, therefore, a Fourteenth Amendment due process analysis is inappropriate.  *See Estelle v. Gamble*, 429 U.S.

10

97, 104 (1976); *See Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998) (citing *Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)); *see also Graham v. Conner*, 490 U.S. 386, 395 (1989).

**C.    Officer Defendants Are Entitled To Qualified Immunity.**

Even if Plaintiff's claims did not fail on their merits, claims against Defendants in their individual capacity would be barred by qualified immunity because no clearly established legal rule was violated.  Plaintiff bears the burden of establishing that the Officer Defendants are not entitled to qualified immunity.  *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).  To meet this burden, Plaintiff must first show that the Officer Defendants conduct violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).   As previously discussed, no constitutional violation occurred.  The Court's analysis ends here.

Nevertheless, Plaintiff cannot meet the second prong:  whether the right in question was clearly established at the time of the alleged conduct.  *Id.*  Plaintiff cannot identify the requisite "clearly established" rule because none exists.  No controlling case squarely holds that the actions by Officer Defendants violated settled federal law.  Indeed, the case law illustrates that the consensus of the Fifth Circuit and courts is precisely the opposite:  the use of non-deadly force to control non-compliant or resisting suspects generally is reasonable under the Fourth Amendment.  *See, e.g. Fontenot v. Cormier*, 56 F.3d 669, 675 (5th Cir. 1995); *Alvarez v. England*, 78 Fed. Appx. 313, 314 (5th Cir. 2003).

**D.    Plaintiff's Claim Against the City Fails.**

As established above, because Plaintiff's constitutional rights were not violated, Plaintiff claims of municipal liability against the City necessarily fail.  *See Brown v. Bryan Cnty.,* 219 F.3d 450, 457 (5th Cir. 2000).  In any event, Plaintiff has not sufficiently plead facts nor does he

have sufficient evidence to support an actionable claim against the City related to a policy or custom of acquiescence as to unconstitutional conduct.

In order to properly state a Section 1983 claim against the City, a plaintiff must identify (1) an official policy or custom (2) of the city's policymaker (3) that caused (4) the plaintiffs to be subjected to a deprivation of a constitutional right.  *See Grandstaff v. City of Borger*, 767 F.2d 161, 169 (5th Cir.1987)).  To support a claim based upon the existence of an official custom or policy, a plaintiff must plead facts which show that: 1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir .1996).

Here, Plaintiff has not identified an unconstitutional policy or custom attributable to the City.  Even if Plaintiff can identify such a policy or custom, his claim still fails because he must also show "deliberate indifference" to his rights.  If there is a showing of deliberate indifference, Plaintiff must then show it was the proximate cause of his injury.  *See Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001).  Assuming deliberate indifference, which there was not, Plaintiff cannot produce any evidence of any injury or that the failure to provide such training was the "moving force" behind his alleged Fourth Amendment violation.

**E.     Plaintiff's Claim Against The Chief In His Individual Capacity Fails.**

Absent in Plaintiff's pleadings are any allegations against McClelland that he was present at the scene of the accident; at the City Jail; or, in any way involved in the incidents of which he complains such as would give rise to any individual capacity claims against McClelland.  To state a personal-capacity claim under Section 1983, a plaintiff must allege that while acting under color of state law defendants were *personally involved* in the deprivation of a right secured

12

by the Constitution of the United States, or that defendants' wrongful actions were causally connected to such a deprivation. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Absent personal involvement or notice, supervisors cannot be held liable for subordinates' actions. *Id.* (citing *Doe v. Taylor Independent School District*, 15 F.3d 443, 454 (5th Cir. 1994) (en banc)).

Here, Plaintiff does not set out sufficient facts to support his individual capacity claims against McClelland. Instead he merely has conclusory allegations including that McClelland failed to supervise his officers and that he failed to provide medical care. Plaintiff fails to allege any foundational facts capable of showing that McClelland was directly involved in the training or supervising of the officers involved in the incident of which Plaintiff complains; that the training McClelland provided was inadequate; or, that McClelland was aware of a pattern of prior violations by any of the officers Plaintiff names in his pleadings. Additionally, Plaintiff does not claim that McClelland was present at the City Jail when he was allegedly denied medical care. Accordingly, all individual capacity claims against McClelland should be dismissed.

**F.    Plaintiff's Claim Under The Americans With Disability Act (ADA) Fails.**

Plaintiff alleges that McClelland violated his rights under the ADA by failing to provide a wheelchair for his use at the City Jail. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the ADA, Plaintiff must prove that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in, or denied the benefits of the services, programs, or activities of the City's jail, or was otherwise

discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Coker v. Dallas County Jail*, No. 3:05-cv-0050M (BH), 2009 WL 1953038, at *16 (N.D. Tex. Feb. 25, 2009) (citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997); see also *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Wright v. Texas Dept. of Crim. Justice*, No. 7:13-cv-0016-O, 2013 WL 6578994, at *2 (N.D. Tex. Dec. 16, 2013).

Here, Plaintiff has not pled, nor can he establish, that he has a "qualifying disability" under the ADA. He does not allege to have a disability at all and even if he had temporary conditions are generally not sufficient to rise to the level of disability under the ADA. *Haralson v. Campuzano*, 356 F. App'x 692, 698 (5th Cir. 2009) (per curiam) (holding that prisoner did not have a "disability" within the meaning of the ADA where prisoner was temporarily impaired in walking and breathing due to his cancer and cancer treatment); *Burch v. Coca-Cola Co.*, 119 F.3d 305, 316 (5th Cir. 1997) ("Permanency, not frequency, is the touchstone of a substantially limiting impairment."); *Rogers v. Int'l Marine Terminals, Inc*., 87 F.3d 755 759 (5th Cir. 1996) (finding that a temporary ankle affliction from bone spurs, ligament damage, and gout did not constitute a disability even when it left some permanent impairment).

Plaintiff has not proffered any factual allegations demonstrating that his alleged back injury was permanent or that he had been substantially impaired form performing a major life activity. Plaintiff has also failed to show that he had a record of such impairment or was regarded as having such impairment. Plaintiff does not allege enough factual allegations to get past the first element of an ADA claim, much less the remaining elements. Further, Plaintiff seeks ten (10) million dollars for his pain and suffering, but the only remedies available to private plaintiffs of the ADA are injunctive relief and, in the Court's discretion, attorney's fees.

42 U.S.C. § 12133; 28 C.F.R. § 35.175.  To the extent that Plaintiff attempts to raise this ADA claim against McClelland individually, he is not entitled to relief.  Title II of the ADA is applicable to a "public entity," not an individual.  *See* 42 U.S.C. § 12131.

### G.     Plaintiff's Due Process Claim Fails.

Plaintiff tries to eke out an additional claim against McClelland, a procedural due process claim.  Plaintiff apparently sent letters to a sergeant inquiring about the status of the Internal Affairs investigation into his complaint, and he did not receive a reply.  Plaintiff holds McClelland responsible for the sergeant's non-reply.  In order for Plaintiff to prevail against McClelland, he must demonstrate that McClelland "deprived [him] of life, liberty, or property without due process of law."  U.S. CONST. AMEND. XIV.  Stated differently, Plaintiff must first identify a life, liberty or property interest protected by the Fourteenth Amendment and then identify a state action that caused the deprivation of that interest.  *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995).  Failure to reply to a letter is not a deprivation of life, liberty or property interest.  Indeed, neither federal statutory or constitutional law, including the Fourteenth Amendment, mandates the response to a letter to anyone.  For this reason, Plaintiff's due process claim against McClelland fails.

To the extent that Plaintiff claims McClelland violated his due process rights because McClelland did not give Plaintiff "the opportunity to be heard at a meaningful time and in a meaningful manner," this argument is unavailing.  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations and citations omitted).  It is undisputed that Plaintiff was given the opportunity to file a complaint with Internal Affairs; Internal Affairs investigated Plaintiff's complaint; and, as part of its investigation, Internal Affairs conducted an in-person interview of Plaintiff at prison.  *See* Doc. No. 14, p. 5.  Based on these undisputed facts, clearly, Plaintiff had

the opportunity to be heard.  For this reason, Plaintiff's due process claim against McClelland fails.

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss, or, Alternatively, Motion for Summary Judgment be granted, that they recover their costs and fees, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted, this the 27th day of May, 2016.

By:    RONALD C. LEWIS
         City Attorney

By:    DONALD FLEMING
         Section Chief, Labor, Employment & Civil Rights
         Section

By:    __/s/*Malissa Wilson*_____
         MALISSA WILSON
         Senior Assistant City Attorney
         Attorney-In-Charge
         SBN:  24085927
         Federal ID: 2599732
         City of Houston Legal Department
         P.O. Box 368
         Houston, Texas 77001-0368
         Phone: (832) 393-6476
         Fax: (832) 393-6259
         Email: malissa.wilson@houstontx.gov

         ATTORNEYS FOR DEFENDANTS

17

<u>**CERTIFICATE OF SERVICE**</u>

I, Malissa Wilson, hereby certify that a true and correct copy of the foregoing pleading

was served in accordance with the Federal Rules of Civil Procedure to the following:

***Via CMRRR# 9414 7266 9904 2023 3372 29***
Michael Eugene Roberts
TDCJ#1887766
1200 FM 655 T/C C-40
Rosharon, Texas 77583

PLAINTIFF *PRO SE*

THIS the 27th day of May, 2016.

_/s/ Malissa Wilson_
MALISSA WILSON

18