IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED
JUN 27 2016
David J. Bradley, Clerk of Court

Michael E. Roberts
(Plaintiff Pro-Se)

V.

Civil Action No. H-14-0903
JURY

The City of Houston et.al.

## Plaintiff Opposition To Defendant's "Motion for Summary Judgment"

Comes Now Before This Honorable Court Plaintiff Pro-Se, Michael E. Roberts, and Presents His <u>Opposition To Defendant's Motion For Summary Judgment</u>; And will show Just Cause why Summary Judgment should be <u>Denied</u>:

### Undisputed Material Facts

Included within Plaintiff's <u>Opposition To Summary Judgment</u> He offers His "<u>Declaration of Undisputed Facts in Support</u>," Pages one thru four. These Material Facts Along with Plaintiff's Verified Complaint Based on Plaintiff's Personal Knowledge will show:

1) The Existence of a Substantial Risk of Serious Harm,
2) The Defendants Actual Knowledge of this Risk,
3) Their Failure To Respond Reasonably, and
4) Causation between the Defendant's Deliberate Indifference and the Injury the Plaintiff Suffered.

In Proving the Above by the Preponderance of Evidence, Most of which is Contained within the Internal Affairs Investigative Report Itself; The Defendants will Be Unable To Support a Defense of Qualified Immunity. <u>Hernandez V. Velasquez 522 F.3d. 556, 561 (5th Cir. 2008)</u>
<u>Jones V. Blanas 393 F.3d. 918, 923 (9th Cir. 2004)</u>

## Plaintiff's Sworn Declaration of the Facts Contained Herein

I, Michael E. Roberts, being competent to testify and having personal knowledge of the events and actions of the officers to whom I came in contact with, with whom I describe by name herein; swear under penalty of law to be true and correct to the best of my knowledge.

*Michael Roberts*
(Plaintiff)

## Summary of Case

Plaintiff brings this action as a result of Officer C.M. Ferdinand rear-ending Plaintiff's car while on the freeway and ignoring the accident. Fabricating the events as they truly occured to her supervisors, whereby depriving Plaintiff of his Liberty - a 5th Amendment Right. The Plaintiff thereby subjected to a violation of his 4th Amend. against unlawfull search and seizure as a result of a invalid search warrant. Violation of his 8th (Eighth) Amend. Right against cruel and unusual punishment in which the search warrant was [redacted] executed; and a violation of his 14th Amend. Right to Due Process and Deliberate Indifference to a Serious Medical Need and Failure to Provide a Proper Response to That Need.

## Evidence In Support

Plaintiff presents Exhibit I - A portion of the Houston Police Dept's Internal Affairs Investigative Report File #44752-2013

2 of 69

<u>Plaintiff Disputes The Defendant's III. Statement of Undisputed Material Facts</u> (Page 2 of Defendant's Motion)

<u>Items 1 through 4 of Page 2 of Defendant's Motion</u>, The Plaintiff Disputes as He Contends Defendant Ferdinand Fabricated The Events in Her Affidavit and Plaintiff offers Evidence in Support of His Claim:

In Defendant's Exhibit 1 (Ferdinand's Affidavit) She States Accident B (#00885051413B) <u>Plaintiff's Exhibit I Pages 000214, 215, 216</u>) Took Place on Ashland St. Near The Loop 610 at Shepherd. However, Ferdinand Tells Accident Investigator Feddersen Accident B Takes Place on 1400 Allston Near 300 W. 11th Street - which is Approx. Four Miles From Ashland St. and loop 610 at Shepherd. Ferdinand States This "B" Accident is A Result of Plaintiff "Slamming on His Brakes Causing Fernand To Rear-End Plaintiff breaking Her Headlight." Even though Ferdinand Makes No Mention of This Accident To H.P.D. Dispatcher To Whom She is Speaking With - See <u>Plaintiff's Exhibit I, Page 000096</u>. Also See Ferdinand's "Employee Complaint History" <u>– Plaintiff's Exhibit I, Page 000001</u>.

The Plaintiff can Impeach Ferdinand's Testimony, In yet Another Statement in which Ferdinand States "Both Parties Said They Were Okay," when in fact Plaintiff Told Her His Back Hurt and Ashlin Johnson Also claimed an Injury - See <u>Plaintiff's Exhibit I Page 000219</u>.

Plaintiff disputes items #5, #6 and #7. Under Rules of Evidence Article IV - Relevance and its Limits and Plaintiff objects to the Defendant's evidence of the "D.W.I. Video" and "Oral Deposition Page 12" as it has no relevance in disproving Plaintiff's claim against the Defendants and only serves to prejudice Plaintiff; and Specifically Under Rule 404(b)(1) Crimes, Wrongs, or Other Acts which makes this evidence inadmissable.

Item #8: For the Reasons stated above and the fact Plaintiff has never been convicted of "D.U.I." as stated.

Item #9: Plaintiff disputes that he ever complained of "General Body Pain" but states Dr. Chidi falsified the medical record to disavow any knowledge as Plaintiff specifically told Dr. Chidi "I can't feel my legs." Plaintiff denies that he said "No" when asked if he had any injuries.
Plaintiff denies he was "Monitored by Dr. Chidi for Two Days." Defendant's statement that Plaintiff did not suffer a broken back is untrue - See Dr. Stephen Kaminsky - H.C.S.O. Report of Plaintiff's back which does state Plaintiff suffered a fracture - Plaintiff's Exhibit I, Page 000324.

Plaintiff offers more evidence to impeach Dr. Chidi's testimony namely, Jail Video Footage (Plaintiff's Exhibit I, Pages #_000098, #_000099 and #_000100)

In Dr. Chidi's "Declaration" Defendant's Exhibit 2, Page #2 Item #6. Plaintiff disputes Dr. Chidi examined him at 3:15 am. Dr. Chidi refuses to examine Plaintiff because the restraint chair won't fit through doorway and Plaintiff can't "walk into it." (_000098).

(_000098) Sgt. Bonaby's comment only states, "Plaintiff waiting to see Medical," which is purposefully misleading.

Page 3, Item #9 of Dr. Chidi's Declaration. He states... "I only saw Mr Roberts on this one occasion." (at 3:15am) Jail Video Footage Page _000099, CD #2 of 3, Camera #13, Frame #17, shows Plaintiff's Second Visit with Defendant Chidi at 4:07? when Dr. Chidi tells Plaintiff "He can bond out and go to the E.R. himself, or wait untill he is transfered to the County" for treatment.

Page 3, Item #10 Dr. Chidi Declares "He appeared intoxicated." Plaintiff disputes Dr. Chidi's claim with Defendant's own Exhibit #5, Page #3, Item #3, which contradicts Dr. Chidi's claim of intoxication.

Plaintiff disputes all Dr. Chidi's claims in his Declaration and has provided proof of his untruthfullness, therfore his testimony should be impeached.

In as much as Plaintiff has shown this Honorable Court that there is a Genuine Dispute of Material Facts in this case that a jury should decide, Plaintiff prays this Court Deny Defendant's Motion for Summary Judgement; and in fact in light of the Overwhelming Evidence in Plaintiff's Favor, Grant Him a Counter-Claim of Summary Judgement in Behalf of Plaintiff.

Exhibit 1

# HOUSTON POLICE DEPARTMENT
## EMPLOYEE COMPLAINT HISTORY
Criteria Fields: ALL Command, ALL Division, Target Emp. ID = 121504

Report Date & Time  01/07/2014 3:05:31PM

Employee Name: MCCLAIN-FERDINAND, CHARAN  Employee Number: ███

Date of Birth: ███  Race: ███  Sex: ███  Division: NORTHEAST

Job Description: POLICE OFFICER  Command: NORTH PAT CMD

| ISSUE ID YR | ALLEGATION | CLASS | REPORT DATE | COMPLAINANT'S NAME | INT/ EXT | DIVISION INVOLVED | DISPOSITION |
|---|---|---|---|---|---|---|---|
| 15914 2002 | CRIMINAL ACTIVITY | CLASS I | 12/19/02 | NORMAN, VELDA ( | I | POLICE TRAINEES | NOT SUSTAINED |
| 15914 2002 | CRIMINAL ACTIVITY-2 | CLASS I | 12/19/02 | NORMAN, VELDA ( | I | POLICE TRAINEES | UNFOUNDED |
| 34895 2009 | IMPROPER POLICE PROCEDURE | CLASS II(D) | 08/11/09 | ADMIN PROCEDURE | I | NORTHEAST | SUSTAINED |
| 34895 2009 | MISCONDUCT | CLASS II(D) | 08/11/09 | ADMIN PROCEDURE | I | NORTHEAST | SUSTAINED |
| 37648 2010 | FAIL TO REPORT TO DUTY | CLASS II(D) | 09/20/10 | ADMIN PROCEDURE | I | NORTHEAST | SUSTAINED |
| 40140 2011 | IMPROPER POLICE PROCEDURE | CLASS II(D) | 11/01/11 | ADMIN PROCEDURE | I | NORTHEAST | SUSTAINED |
| 40970 2012 | CONDUCT & BEHAVIOR | CLASS II(D) BY | 02/27/12 | MCGOWEN, JOHN F | I | NORTHEAST | SUSTAINED |
| 40970 2012 | CRIMINAL ACTIVITY | CLASS II(D) BY | 02/27/12 | MCGOWEN, JOHN F | I | NORTHEAST | NOT SUSTAINED |

TOTAL: 8

NOTE: VERIFY YEAR 2000 ISSUES WITH MAPPER - HPDTRACK

ROBERTS_COH_000001

6 of 69